UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES and JODETTE ATWATER,

    Plaintiffs,       Civil Action No.
        12-CV-15332

vs.

    HON. MARK A. GOLDSMITH

THE BANK OF NEW YORK MELLON
TRUSY COMPANY, N.A.,

    Defendant.
_____/

**ORDER REQUIRING PLAINTIFFS TO FILE A SECOND AMENDED COMPLAINT**

On December 5, 2012, the Court issued an order noting certain jurisdictional deficiencies in Plaintiffs' complaint and requiring Plaintiffs to file an amended complaint curing those deficiencies. Specifically, the Court noted that, while Plaintiffs recited that the Court had federal question jurisdiction over the case, none of the actual claims asserted in the complaint appeared to arise under federal law. See Dkt. 3. On December 13, 2012, one day late, Plaintiffs filed their amended complaint. The amended complaint no longer alleges the existence of federal question jurisdiction; instead, the sole purported basis for jurisdiction over the amended complaint is diversity of citizenship. Upon review of the amended complaint, however, the Court concludes that Plaintiffs have not properly alleged the citizenships of the respective parties in this case.

Under the diversity statute, 28 U.S.C. § 1332, there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant, Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996), and it is the Court's responsibility to ensure that it possesses jurisdiction over the subject matter of every case before it. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999).

Plaintiffs in this case – two natural persons – are citizens of the states in which they are domiciled. See Stifel v. Hopkins, 477 F.2d 1116, 1120 (6th Cir. 1973). The amended complaint states only that Plaintiffs "are individuals residing in the subject property located in the County of Oakland, State of Michigan." Am Compl. ¶ 3 (Dkt. 4). This averment is insufficient, as it does not allege Plaintiffs' domicile.

Defendant in this case is a national banking association. As Plaintiffs correctly note, national banking associations are citizens of the states in which they are "located." 28 U.S.C. § 1348. As Plaintiffs again correctly note, the Supreme Court has interpreted the word "located" as the state in which the banking association has "its main office, as set forth in its articles of association." Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006). Although Plaintiffs correctly note this law in their amended complaint, they say only that Defendant "is a foreign corporation doing [sic] whose principal address is 911 Washington Avenue, St. Louis, Missouri 63101." Am Compl. ¶ 4. This averment is insufficient, as Plaintiffs do not specify the state in which Defendant has "its main office, as set forth in its articles of association." See Wachovia Bank, 546 U.S. at 307.

On or before December 18, 2012, Plaintiffs shall file a second amended complaint that properly alleges the citizenships of the parties in this case. Failure to comply timely with this order will result in the dismissal of the case for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

SO ORDERED.

Dated: December 13, 2012  s/Mark A. Goldsmith
      Flint, Michigan  MARK A. GOLDSMITH
        United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 13, 2012.

                                         s/Deborah J. Goltz
                                         DEBORAH J. GOLTZ
                                         Case Manager